# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHNELL TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV414-164 |
| DETECTIVE R. SANTORO and JUDGE ODELL HARRIS, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Johnell Taylor's petition for writ of mandamus, which is a blatant attempt to litigate an ongoing state criminal case in this Court. (Doc. 1.) He claims that he is being held unlawfully, has not been given a court date, and has been denied bond. He asks this Court to order that he be released from incarceration within the next 24 hours. (*Id.* at 5-6.)

Absent exceptional circumstances (circumstances that Taylor has not shown to exist in this case), this Court lacks jurisdiction to intervene in a pending state criminal case. "The core of the rule laid down in *Younger v. Harris*, [401 U.S. 37 (1971),] and the other cases defining the doctrine of 'Our Federalism' is that a federal court, in the absence of

unusual circumstances, cannot interfere with a pending state criminal prosecution." 17B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4252 (2008) (footnotes omitted). If Taylor wishes to seek a writ of mandamus, he has a fully adequate remedy under Georgia law: "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform . . . the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20.

The Court could construe this filing as a petition pursuant to 28 U.S.C. §§ 2241 or 2254, but in either case, Taylor has failed to exhaust his administrative remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).[1] Taylor thus must give the

---

[1] While 28 U.S.C. § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement

Georgia courts "a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Furthermore, federal courts apply the *Younger* rule in habeas cases, which means abstention would be appropriate under these circumstances. *See, e.g.*, *Davis v. Lansing*, 851 F.2d 72, 76 (2nd Cir. 1988) (the *Younger* rule applied, even though in form plaintiff was seeking habeas corpus rather than an injunction, where he was asking for "discharge" of the prosecution if the requested relief was not forthcoming).[2]

---

applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)); *Chisholm v. St. Lawrence*, 2012 WL 2191682 at * 1 (S.D. Ga. June 14, 2012).

[2] Because Taylor has failed to show that he has exhausted his state remedies, no "*Castro* warning" is required since this case must be dismissed without prejudice to his right to a post-exhaustion renewed habeas filing. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003) (a court that wishes to recharacterize a pro se litigant's pleading as a first 28 U.S.C. § 2255 motion must (1) notify litigant of court's intent, (2) warn litigant that recharacterization means that subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give litigant opportunity to withdraw motion or to amend it to include all § 2255 claims). *Castro* applies to § 2254 petitions. *Smith v. Hobbs*, 490 F. App'x 833, 834 (8th Cir. 2012) (state prisoner was entitled to proper notice, warnings, and opportunity to withdraw his pleadings before his pro se § 1983 action challenging his sentence was recharacterized as habeas petition).

For all of the reasons explained above, this case should be **DISMISSED**. Moreover, applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. 2253(c)(1). And as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 15th day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA